Lemont Love 331321C
NSP
PO Box 2300
Newark NJ 07114

January 8, 2014

RECEIVED
JAN 13 2014
AT 8:30 _____M
WILLIAM T. WALSH, CLERK

Clerk
United States District Court
P.O. Box 419
Newark NJ 07101

      Re: Love v. Lagana, et al.
          Civil Action No.: 13-1050 (SDW)

Dear Sir/Madam:

    Enclosed please find my amended complaint for filing. The original complaint was dismissed without prejudice on Jan. 6, 2014, the deficiencies have been corrected. A copy has been sent to the defendant's attorney Christine H. Kim.

                                    Very truly yours,
                                    Lemont Love

cc: Christine H. Kim

United States District Court
District of New Jersey

Lemont Love,　　　　　　　　　　　　　Amended Complaint
　　　Plaintiff　　　　　　　　　　　　　Jury demand
　　　　　　　　　　　　　　　　　Civil Action No. 13-1050(SDW)

　　v.

Paul Lagana (Being sued individually and official capacity)
John Does 1-10 (Being sued individually and official capacity)

a. Name of plaintiff: Lemont Love
Address: 168 Frontage Rd., P.O. Box 2300, Newark NJ 07114
Inmate # 331301C

b. First defendant - name: Paul Lagana
Official position: Administrator
Place of employment: 168 Frontage Rd., Newark NJ 07114
How is this person involved in the case?

Defendant Lagana was the administrator at the Northern State Prison and is in charge of the training, supervision and discipline of the Prison staff. He failed to take any action to control the passing out of Plaintiff's mail in a timely fashion or have the lighting in Plaintiff's cell fixed after being placed on notice of these constitutional violations by a number of complaints Plaintiff personally submitted to him. This failure to act caused Plaintiff's rights to be violated.

Second defendant - name: John Does 1-10
Official position: Employees of Northern State Prison
Place of employment: 168 Frontage Rd., Newark NJ 07114
How is this person involved in the case?

These are the people responsible for Plaintiff's light not being fixed and Plaintiff not receiving his mail in a timely fashion, causing his rights to be violated.

Since being incarcerated at Northern State Prison, Plaintiff has been receiving his mail weeks, sometimes months, after it's post mark date. The letters he would send out wouldn't reach their destination until weeks or months later as well. At times Plaintiff would never receive his mail. Plaintiff made several complaints verbally and in writing via the inmate grievance system. The response was always frivolous and the problem was not fixed. The chain of command, in filing grievances, was followed up to the Administrator, Paul Lagana, who failed to correct this issue. As a direct result of Plaintiff not receiving his mail in a timely fashion his lawsuit (Love v. Vavrinchuk; Docket No. L-1817-12) was dismissed. Plaintiff was not able to correct the deficiencies of that lawsuit because his mail was withheld by the institution causing him to miss the deadline.

On or about January of 2012 up until September 10, 2012, Plaintiff was forced to read and write in virtual darkness because the prison staff refused to fix his light despite numerous complaints requesting them to do so. Plaintiff complained to both the first shift housing officer Jones as well as the second shift officer Williams. A work order was submitted by both officers but the light was never fixed and the Administrator, defendant Lagana, refused to enforce the order. As a result of the inadequate lighting which caused severe eyestrain and fatigue, Plaintiff's vision is blurry and he has frequent constant headaches.

The failure of defendant Lagana to take disciplinary or other action to curb the known pattern of prison staff interfering with Plaintiff's mail, violating his first amendment right to access the courts, constituted deliberate indifference and contributed to and proximately caused the violations of Plaintiff's constitutional rights.

The failure of defendant Lagana to enforce or take other action to have Plaintiff's light fixed once he learned of the Eighth Amendment violation, constituted deliberate indifference and contributed to and proximately caused the violations of Plaintiff's constitutional rights.

Relief Requested

A. Award compensatory damages jointly and severally against all the named defendants for the physical, emotional and missed opportunities sustained as a result of defendants misconduct. By this demand, Plaintiff seeks compensatory damages for all the losses suffered at the hands of the defendants.
B. Award Punitive damages against all defendants.
C. Issue a declaratory judgment stating: (1) Plaintiff was denied access to the courts; (2) Plaintiff was denied adequate lighting.
D. Any other relief Plaintiff is entitled to.

Dated. 1/7/14                                   Le Mone Love



Clerk
United States District Court
P.O. Box 419
Newark NJ 07101