UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

LEMONT LOVE,                                  :
                                              :         Civil Action No. 13-1050 (SDW)
            Plaintiff,                        :
                                              :
      v.                                      :         MEMORANDUM ORDER
                                              :
DEPARTMENT OF CORRECTIONS,                    :
et al.,                                       :
                                              :
            Defendants.                       :

THIS MATTER comes before the Court by application/motion filed by Plaintiff, Lemont Love, to re-open his case and file an Amended Complaint. (ECF No. 9.) It appears that:

1. On February 21, 2013, Plaintiff filed a Complaint asserting claims of interference with his mail and unconstitutional conditions of confinement related to the lack of lighting in his cell for an extended period of time. (ECF No. 1.)

2. On May 1, 2013, Counsel for Defendants submitted a motion to dismiss this action pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 5.) Plaintiff filed an opposition on May 21, 2013. (ECF No. 6.)

3. On January 6, 2014, this Court issued an Opinion and Order granting Defendants' motion and dismissed the Complaint. (ECF Nos. 7, 8.) Specifically, the Complaint was dismissed with prejudice as to Defendants, the New Jersey Department of Corrections ("NJDOC") and the Northern State Prison ("NSP"), because these Defendants are entitled to Eleventh Amendment immunity and are not persons subject to liability under 42 U.S.C. § 1983. (ECF No. 7, Jan. 6, 2014 Op. at 4-6.) The Court also dismissed the Complaint without prejudice as to Defendant Paul Lagana, as it was impermissibly based on a theory of *respondeat superior*

without alleging any facts of personal involvement. (*Id*. at 6-8.) Finally, Plaintiff's interference with the mails claim was dismissed without prejudice for failure to state a claim because Plaintiff did not allege any facts to show actual injury, and his conditions claim based on lack of lighting was dismissed without prejudice because Plaintiff alleged no facts to show the personal involvement by Defendant Lagana or others. (*Id*. at 8-14.)

4. On January 13, 2014, Plaintiff submitted an Amended Complaint alleging facts to show the personal involvement of Defendant Lagana as to both claims of interference with the mails and unconstitutional conditions of confinement related to the lack of lighting in Plaintiff's cell. (ECF No. 9.)

5. This Court directs the Clerk of the Court to re-open this case to allow this Court to screen the Amended Complaint as required under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

6. The Court finds that the Amended Complaint appears to cure the deficiencies as noted in this Court's January 6, 2014 Opinion, sufficient to allow same to proceed at this time against the named Defendant Paul Lagana.

THEREFORE, IT IS ON THIS 8th day of July, 2014

ORDERED that the Clerk shall RE-OPEN the file in order for this Court to screen the Amended Complaint (ECF No. 9) pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; and it is further

ORDERED that the Amended Complaint SHALL PROCEED at this time as against the sole remaining named Defendant Paul Lagana; and it is further

ORDERED that the Clerk of the Court shall issue summons and serve a copy of the Amended Complaint, summons, and this Order upon Defendant Paul Lagana, by certified mail,

return receipt requested, pursuant to 28 U.S.C. § 1915(d), with all costs of service advanced by the United States; and it is further

ORDERED that Defendant Paul Lagana shall file and serve a responsive pleading within the time specified in Federal Rule of Civil Procedure 12, pursuant to 42 U.S.C. § 1997e(g)(2); and it is further

ORDERED that, pursuant to 28 U.S.C. § 1915(e)(1) and § 4(a) of Appendix H of the Local Civil Rules, the Clerk shall notify Plaintiff of the opportunity to apply in writing to the assigned judge for the appointment of pro bono counsel in accordance with the factors set forth in *Tabron v. Grace*, 6 F.3d 454 (3d Cir. 1993), cert. denied, 510 U.S. 1196 (1994), which sets forth the requirements for eligibility for appointment of pro bono counsel (in this regard, Plaintiff is advised that such appointment is not automatic); and it is further

ORDERED that the Clerk shall enclose with such notice a copy of Appendix H and a form Application for Appointment of Pro Bono Counsel; and it is further

ORDERED that, if at any time Plaintiff seeks the appointment of pro bono counsel, pursuant to Fed.R.Civ.P. 5(a) and (d), Plaintiff shall (1) serve a copy of the Application for Appointment of Pro Bono Counsel by regular mail upon each party at his last known address or, if the party is represented in this action by an attorney, upon the party's attorney at the attorney's address, and (2) file a Certificate of Service with Plaintiff's Application for Pro Bono Counsel.

ORDERED that the Clerk of the Court shall serve a copy of this Order and accompanying Opinion on Plaintiff by first class mail, and upon Defendant's counsel of record electronically.

    _s/Susan D. Wigenton_____
    SUSAN D. WIGENTON
    United States District Judge