UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>STEVEN C. MANNION<br>UNITED STATES MAGISTRATE JUDGE | MARTIN LUTHER KING<br>COURTHOUSE<br>50 WALNUT ST.<br>ROOM 2064<br>NEWARK, NJ 07101<br>973-645-3827 |

April 4, 2016

**LETTER ORDER/OPINION**

Re: D.E. 27, Motion to Disqualify Defense Counsel
     Love v. Dept of Corrections, et al.
     <u>Civil Action No. 13-cv-1050 (SDW)(SCM)</u>

Dear Litigants:

This matter comes before the Court upon review of Plaintiff, Lemont Love's ("Mr. Love") motion to disqualify Deputy Attorney General Gregory Bueno as defense counsel in this case.[1] The Court has reviewed the papers submitted in support of the application and those in opposition, and for the reasons set forth herein the disqualification motion is **denied**.

I.    INTRODUCTION

This action concerns a condition of confinement claim by Mr. Love, a *pro se* prisoner in State custody.[2] One of Mr. Love's claims is that his cell light had been broken for several months and was not fixed despite a work order for same.[3] Mr. Love alleges that he was "forced to read and write in virtual darkness" resulting in blurred vision and headaches.[4] In response to Mr. Love's discovery request, defense counsel produced to Mr. Love a copy of his medical file. Mr. Love considers this an invasion of privacy because he has medical conditions potentially unrelated to his

---

[1] (ECF Docket Entry No. ("D.E.") 27).

[2] (D.E. 6, 9).

[3] (D.E. 9 at 3).

[4] (D.E. 6 at 9).

1

blurred vision and headaches. Mr. Love then published those potentially unrelated medical conditions on the docket in his application for disqualification. Still, Mr. Love intends to sue the officials who produced the records to him and anticipates calling defense counsel in this case as a witness in some future litigation. For these reasons, Mr. Love now moves to disqualify defense counsel in this case.

II. DISCUSSION

    A. Magistrate Judge Authority

Magistrate judges are authorized to decide any non-dispositive motion designated by the Court.[5] This District has specified that magistrate judges may determine any non-dispositive pre-trial motion.[6] Decisions by magistrate judges must be upheld unless "clearly erroneous or contrary to law." [7]

    B. Rules of Professional Conduct

The conduct of attorneys admitted to practice in the District of New Jersey is governed by the New Jersey Rules of Professional Conduct ("RPC").[8] In construing the RPC, this Court may look to the decisions of the New Jersey Supreme Court and other relevant authority.[9] Thus, the RPC and case law provide the standards of conduct and allow for disqualification as a means to ensure compliance with the rules.[10] When deciding a motion to disqualify counsel, the movant

---

[5] 28 U.S.C. § 636(b)(1)(A).

[6] L.Civ.R. 72.1(a)(1).

[7] 28 U.S.C. § 636(b)(1)(A).

[8] See Local Civ.R. 103.1(a); *Beilowitz v. Gen. Motors Corp.*, 226 F. Supp. 2d 565, 568 (D.N.J. 2002) (applying New Jersey's RPC 1.7 in motion to disqualify).

[9] See *Essex Chem. Corp. v. Hartford Accident & Indem. Co.*, 993 F. Supp. 241, 246 (D.N.J. 1998).

bears the burden of proof that disqualification is appropriate.[11]

Mr. Love has not identified any RPC allegedly violated by defense counsel or cited any case law in support of his position. Mr. Love has merely stated that he served discovery requests upon the defense and to his "dismay" received his entire "medical file."[12] He intends to file a lawsuit concerning this "invasion of … privacy" and will call Mr. Gregory Bueno as a witness…."[13]

In opposition, defense counsel asserts that "Plaintiff's medical records are not only relevant, but central to, the determination of both liability and damages. Introducing Plaintiff's entire medical file was necessary to show the amount of treatment, or lack thereof, that Plaintiff has received regarding headaches and/or visual problems while in NJDOC custody."[14] Counsel further states that "Plaintiff's medical records were disclosed only to him in connection to this litigation."[15]

At best, Mr. Love's motion to disqualify is premature and even if it were not, he has not met his burden of proof that disqualification in this case is appropriate.[16]

An appropriate order follows.

---

10 See *Oswell v. Morgan Stanley Dean Witter & Co., Inc.*, Civ. No. 06-5814, 2007 WL 2446529, at *2 (D.N.J. Aug. 22, 2007) (stating that "[a] court may disqualify an attorney where it is necessary to enforce the court's disciplinary rules").

11 *Maldonado v. New Jersey, ex rel.*, 225 F.R.D. 120, 136–37 (D.N.J. 2004).

12 (D.E. 27).

13 (*Id.*).

14 (D.E. 28).

15 (D.E. 28).

16 *Maldonado*, 225 F.R.D. at 136–37.

## Order

**IT IS** on this Monday, April 04, 2016,

1.     **ORDERED** that Plaintiff's motion to disqualify Gregory Bueno as counsel in this case is **denied**; and it is further

2.     **ORDERED** that the Clerk of the Court mail a copy of this Order to Plaintiff.

Honorable Steve Mannion, U.S.M.J.
United States District Court,
for the District of New Jersey
phone: 973-645-3827

4/4/2016 9:37:33 AM

Original: Clerk of the Court
Hon. Susan D. Wigenton, U.S.D.J.
c: All parties
    File

Mr. Lemont Love, SBI#331321C
Northern State Prison
168 Frontage Road
Newark, New Jersey 07114

4