**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LEMONT LOVE,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>PAUL LAGANA,<br><br>　　　　　　　Defendant. | Case No. 13-cv-1050 (SDW) (SCM)<br><br>**OPINION**<br><br><br>March 17, 2017 |

**WIGENTON**, District Judge.

Before this Court are Plaintiff Lemont Love's Motion for Summary Judgment and Defendant Paul Lagana's Cross-Motion for Summary Judgment seeking dismissal of Plaintiff's claims, both brought pursuant to Federal Rule of Civil Procedure 56. This Court has jurisdiction over this action pursuant to 28 U.S.C § 1331. Venue is proper pursuant to 28 U.S.C. § 1391. This motion is decided without oral argument pursuant to Federal Rule of Civil Procedure 78.

For the reasons discussed below, this Court **DENIES** Plaintiff's Motion for Summary Judgment and **GRANTS** Defendant's Motion for Summary Judgment.

**I.　　BACKGROUND AND PROCEDURAL HISTORY**

Plaintiff Lemont Love ("Plaintiff") commenced this action in New Jersey Superior Court, Essex County in 2012 while he was an inmate at Northern State Prison in Newark, New Jersey.

(*See* Dkt. No. 1.)[1] After removing the action to this Court, the named Defendants that had been served sought to dismiss Plaintiff's Complaint, and their motion was granted in 2014. (*See* Dkt. No. 8.) Plaintiff filed an Amended Complaint on January 13, 2014 listing Paul Lagana ("Defendant"), former administrator of the prison, as his sole named defendant. (Dkt. No. 9 at 3.) Plaintiff alleges Defendant violated Plaintiff's First and Eighth Amendment rights by failing to have a broken light in Plaintiff's cell fixed and failing to take action after prison staff allegedly interfered with Plaintiff's mail. (*Id*. at 5.) Plaintiff alleges that his mail issues caused the dismissal of a lawsuit Plaintiff filed in an unrelated matter, and that the broken light caused Plaintiff blurry vision and constant headaches. (*Id*. at 4.) After Defendant filed his Answer on October 19, 2015, the parties proceeded through discovery.

On September 15, 2016, Plaintiff moved for summary judgment on his claims. (Dkt. No. 43.) Defendant filed a cross-motion for summary judgment on December 22, 2016, which Plaintiff opposed on January 11, 2017.[2] (Dkt. Nos. 51 & 52.)

## II.   LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The "mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986). A fact is only "material" for purposes of a summary judgment motion if a dispute over that fact

---

[1] For clarity, this Court will refer to the docket entry number and corresponding docket page number when citing to the parties' submissions.
[2] Plaintiff describes Defendant's motion as "belated," (Dkt. No. 52 at 2) but Defendant sought extensions on his deadline to respond to Plaintiff's motion, which were granted by this Court. (*See* Dkt Nos. 46 & 50.)

"might affect the outcome of the suit under the governing law." *Id.* at 248. A dispute about a material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The dispute is not genuine if it merely involves "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). Once the moving party meets its initial burden, the burden then shifts to the nonmovant who must set forth specific facts showing a genuine issue for trial and may not rest upon the mere allegations, speculations, unsupported assertions or denials of its pleadings. *Shields v. Zuccarini*, 254 F.3d 476, 481 (3d Cir. 2001). "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" *Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (quoting *Anderson*, 477 U.S. at 255).

The nonmoving party "must present more than just 'bare assertions, conclusory allegations or suspicions' to show the existence of a genuine issue." *Podobnik v. U.S. Postal Serv.*, 409 F.3d 584, 594 (3d Cir. 2005) (quoting *Celotex Corp.*, 477 U.S. at 325). Further, the nonmoving party is required to "point to concrete evidence in the record which supports each essential element of its case." *Black Car Assistance Corp. v. New Jersey*, 351 F. Supp. 2d 284, 286 (D.N.J. 2004). If the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which . . . [it has] the burden of proof," then the moving party is entitled to judgment as a matter of law. *Celotex Corp.*, 477 U.S. at 322–23. Furthermore, in

deciding the merits of a party's motion for summary judgment, the court's role is not to evaluate the evidence and decide the truth of the matter, but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. The nonmoving party cannot defeat summary judgment simply by asserting that certain evidence submitted by the moving party is not credible. *S.E.C. v. Antar*, 44 Fed. Appx. 548, 554 (3d Cir. 2002).

### III. DISCUSSION

Plaintiff seeks to hold Defendant liable for Defendant's alleged failure to redress Plaintiff's complaints regarding the delivery of his mail and his broken cell light, which Plaintiff claims violated his First and Eighth Amendment Rights. But in order for Defendant to be held liable for a violation of Plaintiff's constitutional rights, Plaintiff must show Defendant was personally involved. *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988). "Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence. Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity." *Id*. (internal citations omitted). The record does not demonstrate that Defendant had actual knowledge of Plaintiff's complaints.

Plaintiff avers in his opposition to Defendant's Summary Judgment Motion that Defendant had personal knowledge of Plaintiff's mail issues because Plaintiff submitted a form "complaining about [his] mail." (Dkt. No. 52 at 2.) Plaintiff offers the transcript of his own deposition, in which Plaintiff described the form he submitted as "going directly to the Administrator." (Dkt. No. 51-1 at 56.) Plaintiff additionally proffers a separate remedy form he submitted and work orders that were submitted on his behalf regarding his complaints. (*See* Dkt. No. 52 at 2; Dkt. No. 51-1 at 75.) This evidence, however, does not demonstrate Defendant had personal knowledge of

4

Plaintiff's complaints.[3] Defendant's liability, therefore, could be premised solely on a theory of respondeat superior, which is not permissible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 675-76 (2009); *see also Robertson v. Sichel*, 127 U.S. 507, 515–516 (1888) ("A public officer or agent is not responsible for the misfeasances or position wrongs, or for the nonfeasances or negligences or omissions of duty, of the subagents or servants or other persons properly employed by or under him, in the discharge of his official duties.")

Furthermore, the Prison Litigation Reform Act of 1995 (PLRA) mandates that an inmate exhaust all available administrative remedies before bringing a lawsuit to challenge prison conditions. *See* 42 U.S.C. § 1997e(a); *see also Ross v. Blake*, 136 S. Ct. 1850, 1854–55 (2016). In *Ross v. Blake*, the Supreme Court explicitly rejected a "special circumstances" exception to this rule. *Ross v. Blake*, 136 S. Ct. at 1858. The PLRA prevents courts "from deciding that exhaustion would be unjust or inappropriate in a given case…Exhaustion is no longer left to the discretion of the district court." *Id.*; *see also Woodford v. Ngo*, 548 U.S. 81, 85 (2006).

The Inmate Handbook for Northern State Prison outlines its Inmate Remedy System, which includes a process for appealing responses to Inmate Remedy System Forms (IRF) that prisoners find dissatisfactory. (Dkt. No. 51-1 at 22.) Plaintiff appears to concede he did not exhaust these administrative remedies but claims his efforts to do so were "thwarted" by officers at the prison. (Dkt. No. 52 at 4.) In support, Plaintiff offers his deposition testimony, in which Plaintiff testified that he did not appeal an IRF that he submitted regarding his mail because an officer told him the IRF would be "taken directly" to the Administrator. (See Dkt. No. 51-1 at 58, 62.) Plaintiff further testified that an officer told Plaintiff he did not have to file an IRF about his broken light bulb

---

[3] Indeed, during his deposition, Plaintiff testified: "I was never able to verbally talk to Paul Lagana. I would have been happy to. But, you know, I've never seen Paul Lagana. I don't know if he exists. As far as I know he's just a name." (Dkt. No. 51-1 at 60.)

because the officer "would get it fixed" for Plaintiff. (Dkt. No. 51-1 at 75.) Such assurances, however, do not render the prison's administrative remedies "unavailable."[4] Plaintiff has therefore failed to satisfy the steps required by the PLRA in order to pursue this action.[5]

### IV. CONCLUSION

For the reasons set forth above, this Court **DENIES** Plaintiff's Motion for Summary Judgment and **GRANTS** Defendant's Motion for Summary Judgment. An appropriate Order follows.

s/ *Susan D. Wigenton*
**SUSAN D. WIGENTON**
**UNITED STATES DISTRICT JUDGE**

Orig:      Clerk
cc:        Hon. Steven C. Mannion, U.S.M.J.
           Parties

---

[4] Plaintiff relies on *Brown v. Croak*, 312 F.3d 109 (3d Cir. 2002) to support his contention that prison officials thwarted his efforts to exhaust administrative remedies, apparently arguing that these remedies were thus rendered unavailable. (Dkt. No. 52 at 4.) In *Brown v. Croak*, the Third Circuit vacated a dismissal of a prisoner's Complaint, concluding that without discovery, there was insufficient evidence to conclude that the plaintiff failed to exhaust his administrative remedies. *Brown v. Croak*, 312 F.3d at 112. However, that plaintiff averred in a sworn affidavit that he had been told by prison officials that he was *required* to wait for the completion of an investigation before filing a grievance. *Id.* Such facts are consistent with the example set forth in *Ross v. Blake*, wherein the Supreme Court indicated that administrative remedies may be considered "unavailable" if prison officials mislead or threaten inmates "so as to prevent their use of otherwise proper procedures." 136 S. Ct. at 1860. Here, the assurances Plaintiff avers he received from officers do not amount to threats or deception that would render the prison's administrative remedies unavailable to him.

[5] This Court also notes that Plaintiff has not demonstrated he suffered "actual injury" as a result of his mail issues, which is required to sustain a First Amendment right of access claim. Plaintiff concedes that his dismissed lawsuit, a personal injury case, was unrelated to his criminal conviction. (Dkt. No. 51-1 at 65, 68.) As the Supreme Court has instructed, the injury requirement for a right of access claim is "not satisfied by just any type of frustrated legal claim." *Lewis v. Casey*, 518 U.S. 343, 354 (1996). Rather, the plaintiff must show he was unable to challenge his sentence or conditions of confinement. "Impairment of any other litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id.* at 355.